[Crim. No. 531. Fourth Appellate District.—May 17, 1940.]

THE PEOPLE, Respondent, v. CONSTANCE ALCANTARA et al., Appellants.

Morris B. Chain for Appellants.

Earl Warren, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

MARKS, J.—This is an appeal from judgments pronounced upon defendants after verdicts finding them guilty of grand theft.

The defendants admit there is sufficient evidence to support the verdicts and judgments. But one error of law is urged here.

While Constance Alcantara was on the witness stand the district attorney asked him if he had been convicted of a felony, to which he replied that he had not. Later in the trial the county clerk of Kern County was called as a witness. He produced the records of the superior court of that county in the case of *People* v. *Constance Alcantara.* These records were finally received in evidence over the objection of defendants. During the argument over the admissibility of the record of conviction, a counsel for defendants made the following statement in open court: "We will stipulate the record shows he has been convicted of second degree robbery, and sentenced to serve a year in the County jail."

The court records admitted in evidence show that Alcantara was convicted of "Attempted Second Degree Robbery" and was sentenced to serve one year in the county jail. It is now agreed that it was error to admit this record.

We cannot regard this error as prejudicial. Defendants' counsel had admitted that the record showed that Alcantara had been convicted of second degree robbery. The record showed that he had been convicted of *attempted* second degree robbery, a lesser offense. Before the admission of the record, the jury was in possession of the information that the record in question showed that Alcantara had been convicted of a greater crime. The record tended to correct a mistaken assumption indulged in during the trial and showed the true fact concerning the prior conviction. We cannot see how prejudice can be predicated upon this error in admitting the record in evidence when that record showed that Alcantara had been convicted of a lesser crime than his counsel admitted in the presence of the jury. Under

these circumstances the error was harmless, if not actually beneficial to defendants.

The judgments are affirmed.

Barnard, P. J., and Griffin, J., concurred.